UNITED STATES DISTRICT COURT EASTERN DISTRICT OF VIRGINIA

CIVIL ACTION

Case Number:_____

John J. Buckshaw,

COMPLAINT

Plaintiff,

Vs.

Security Public Storage, 385 Spring Street, Herndon, Virginia,

Arlington County and Fairfax County, Virginia,

Atlantic Self Storage, 4900 Eisenhower Avenue, Alexandria, Virginia,

Attorney General and Treasurer, Commonwealth of Virginia,

Defendants.


   The plaintiff demands judgement against the defendants for damages as a result of a conspiracy against rights and in combination with deprivation of rights and abuse of process done with willful intent to aid and abet unfair trade practices and unfair claims settlement practices at a self storage facility and continuing by failure to make restitution of the contract price after admitting the complaint which was filed in the office of consumer protection which obtained the states attorneys office in Montgomery County, Maryland to contact the defendant which is refusing to make restitution of $5,000 contract price and is refusing to compromise and settle the claim for five million dollars ($5,000,000) damages as a result of abuse of process and false imprisonment.

**FRCP Rule 5** Serving and Filing Pleadings…(3) Electronic Filing and Signing…
(b) By an unrepresented person…

Filed by the Plaintiff

John J. Buckshaw
P.O. Box 18704
Washington, DC 20036
(202) 621-3992
www.suas.20fr.com
suas.20fr@aol.com

## ALLEGATION OF JURISDICTION

The jurisdiction of this court is founded upon **28 U.S.C.A. Section 1331** Federal questions…**28 U.S.C.A. Section 1332** Diversity of citizenship…claims for damages in excess of one hundred thousand dollars ($100,000)…**28 U.S.C.A. Section 1337** Trade and commerce… **FRAP Rule 23 Custody or release in habeas corpus proceedings** where a petition for writ of habeas corpus was files in March, 2018 and the bail was revoked and a warrant was issued on April 6, 2018, prior to the subsequent dismissal of the petition and a bench warrant is contrary to the foregoing…and effectiveness assistance of counsel, rights against cruel and unusual punishments and against excessive bail, rights to status quo of business executive and against involuntary servitude and stifling and rights against loss of liberty without due process of and continuance of the trail to file and rule on a pretrial motion to dismiss defective proceedings and failure to file and rule on an appeal of the denial of bail, wrongful conditions for pretrial release, excessive bail and wrongful revocation of bail and accrual of a cause of action for damages to compensate for false statements of the plaintiff being a fugitive and unfair methods of competition manifested by wrongful detention under duress of false imprisonment.

**28 U.S.C.A. Section 1654** Self representation…**28 U.S.C.A. Section 1927** Liability of counsel for costs…(i) John McCarthy, States Attorney Montgomery County, Maryland, (ii) Jonathan Stebenne, Baltimore, Maryland, Counsel for Security Public Storage, (iii) Manuel Capsalis, Assistant Town Attorney, Herndon, Virginia, (iv) Raymond Morrough, Commonwealth Attorney, Fairfax County, for costs of vexatious dilatory multiplication of proceedings in bad faith…manifested by willful failure to release a laptop computer from the police property and evidence section and pretrial dismissal of defective proceedings.

**28 U.S.C.A. Section 2201** Creation of a remedy…  **28 U.S.C.A. Section 2251** Stay of state court proceedings…against service of a bench warrant…

**28 U.S.C.A. Federal Rules of Civil Procedure, Rule 8** All pleadings shall be construed to do substantial justice…

The jurisdiction of this court is founded upon **15 U.S.C.A. Section 1-7** Monopolizing trade a felony…done by trade name disparagement, vexatious litigation, deprivation of rights as follows: (a) rights to freedom of speech contrary to opposition to the plaintiff's speaking and with willful intent to stifle the plaintiff in business and litigation…and with willful intent to aid and abet unfair trade practices at a self storage facility and unfair claims settlement practices…(b) rights to privacy and private and privileged communication in business, debt collection and litigation, (c) rights to due process of law…(i) requiring detection and prosecution of crimes where the plaintiff is the victim, (ii) requiring notices prior to criminal prosecutions and (iii) requiring that the state court file and rule on defense pleadings…(d) rights to effectiveness assistance of counsel and to a speedy trail, (e) rights against cruel and unusual punishments and against excessive bail, (f) rights to status quo and against involuntary servitude for the purpose of stifling the plaintiff from privileged communication in business, debt collection and litigation of failure to act in the offices of the commonwealth's attorney's offices, and (g) rights against loss of liberty without due process of law, abuse of process, vexatious litigation, unfair trade practices, unfair claims settlement practices and tortuous interference with business, contracts and prospective economic gain…requiring relief pursuant to **15 U.S.C.A. Section 4** Jurisdiction of courts and duties of the United States attorneys…over several states done in combination with conduct done contrary to **15 U.S.C.A. Section 13** Discrimination or segregation in price, service and selection of customers…done by refusal to

deal and boycotting…**15 U.S.C.A.   Section 15** Persons injured in business…**15 U.S.C.A. Section 26** Injunctive relief for private parties…**15 U.S.C.A. Section 1116** Injunctive relief…from trade name disparagement…**15 U.S.C.A. Section 1117** Recovery for violations…one million dollars ($1,000,000) statutory damages…**15 U.S.C.A. Section 1122** Liability of the United States, states and officials thereof…**15 U.S.C.A. Section 1125** False descriptions…concerning trade name, commercial activities and associations…(d) Cyber piracy…done by vexatious criminal record reports in the internet in bad faith and not in bona fide…contrary to **5 U.S.C.A. Section 552** Public records, reports, orders and opinions…exempt from disclosure in the nature of trade and commerce…

The jurisdiction of the court is founded upon **18 U.S.C.A. Section 1964** Civil remedies…**18 U.S.C.A. Section 875** Interstate communication…**18 U.S.C.A. Section 1038** Fraud in connection with a computer…used in interstate commerce…and wrongful detention in the police property and evidence section…**18 U.S.C.A.  Section 1832** Theft of trade secrets… **18 U.S.C.A. Section 1512** Tampering with a victim or witness…harassment to dissuade from official proceedings…false statements and confinement…in violation of state laws against simulation of warrants, combinations harm to reputation in business and maliciously conspiring to obtain admission of a person to a facility…done by wrongful conditions of bail and a bench warrant…**18 U.S.CA. Section 1951** Interference with commerce by threats…"robbery and extortion" under color of official right…**18 U.S.C.A. Section 2511** Interception, disclosure or use of oral, wire or electronic communication…**18 U.S.C.A. Section 2520** Civil damages…

COUNT ONE

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

SECURITY PUBLIC STORAGE,

Defendant.

DISCRIMINATION IN PRICE SERVICE AND SELECTION OF CUSTOMERS

1. The plaintiff is a citizen of the United States and an executive director of a corporation de facto pursuant to **15 U.S.C.A. Section 44**…for the purpose of promotional products and general advertising sales with going concerns, delayed and pending obligations, prospective competition and litigation over several states and maintains a warehouse in the District of Columbia receives U.S. Mail at P.O. Box 18704, Washington, DC 20036.

2. The defendant, Security Public Storage, a corporation in San Francisco, California for the purpose of self storage facilities with a regional management office in Herndon, Virginia and a location in Bethesda, Maryland.

3. The plaintiff and defendant entered into a contract agreement for one 5" x 5" self storage unit at the rate of $79.00 per month on January 3, 2004.

4. The plaintiff had been transient and progressively compiled significant company inventory, trade secrets, litigation reference material, evidence, business clothes and shoes and other property in the unit as plaintiff had worked around the clock at Washington, DC area libraries and at fourteen area FedEx Offices (24 hour photo copy and computer rental establishments) in business and litigation with the plaintiff's luggage cart, mobile office and executive health spa memberships where the defendants acted with willful intent to disable in said combination.

5. On or about December 5, 2007, in Bethesda, Maryland, the defendant discriminated against the plaintiff and sent simulated notices of a lien and scheduled a public sale of the plaintiff's property to held on December 12, 2007 without regard to the contract and Maryland Self Storage Act which requires 14 days notice after 60 days in default of payment of rent in attempt to steal trade secrets and company inventory when the plaintiff had always paid monthly late fees.

6. The herein combination is continuing from on or about February 27, 2008, when the foregoing continued and the defendant wrongfully took a lien on the 53rd day of default instead of the required 60 days and scheduled a public sale to be held on March 5, 2008, placed a classified newspaper ad and sent a simulated notice of the sale when the rent was paid current to January 4, 2008.

7. On March 5, 2008, the defendant took wrongful possession of the plaintiff's company warehouse (trade secrets, equipment, inventory, business clothes and shoes which the plaintiff had compiled since 2004) without waiting for the return receipt of the notices which was returned on March 6, 2008.

8. The plaintiff is the owner of the property and the defendant has wrongfully detained the plaintiff's property for the purpose of unfair methods of competition for which the plaintiff demands ten thousand dollars ($10,000) per day to compensate for said wrongful detention of property. The plaintiff demands detinue of the property or judgment for the value of the property in the amount of one hundred thousand dollars ($100,000.00) and punitive damages in the amount of ten million dollars ($10,000,000).

**WHEREFORE,** the plaintiff demands the required injunctive relief to vacate the lien and monetary damages in the amount of ten million dollars ($10,000,000) and restitution of a 10" x 10" self storage unit.

**02/27/2008**                    **Final Notice of Sale**


Security Public Storage- Bethesda
5221 River Road
Bethesda, Maryland 20816
301-652-6966

JOHN BUCKSHAW
PO BOX 18704
WASHINGTON, DC 20036

Dear, JOHN BUCKSHAW,

Please be advised that this is your final notice of default on unit #3144 prior to the sale of your property at public auction.

The balance for unit #3144 is as follows:

Unit Number: 3144
Lease number: 010404001-2189
Monthly Rate: $89.00
Rent Paid to Date: 01/04/2008

Amount Due: **248.00**

**FULL PAYMENT OF YOUR ACCOUNT MUST BE MADE PRIOR TO TIME OF AUCTION ON 3/5/08, BY CASH, CASHIERS CHECK, OR MONEY ORDER.** Since rent and fee continue to accrue it is advised that you call our office to get an accurate balance due for unit #3144. If full payment is not received by this date Security Public Storage- Bethesda will exercise the right of auction and your property will be sold at public auction to satisfy our possessor's lien.

The auction will be held at: Security Public Storage- Bethesda
                        5221 River Road
                        Bethesda, MD 20816
                    At:     1:00 pm
                    On: 3/5/08

To prevent this auction, please call the above number or stop by the address shown above.

Sincerely,
Manager,
Security Public Storage

**JJBUCKSHAW&ASSOCIATES**                    **Sales Promotions Since 1985**

P.O. Box 18704
*Washington, DC 20036*
*.Tel.(202) 361-0040*
*Fax.(202) 333-7433*
*Email: legal.adexec@yahoo.com*

March 10, 2008

To: Security Public Storage

From: John J. Buckshaw, President

RE: Demand for Return of Property and $5,000,000.00 Monetary Damages

QUESTION: WHETHER OR NOT THE OPERATOR SOLD THE OCCUPANT'S PROPERTY BEFORE THE STAUTORY TIME FOR IN WHICH TO HOLD THE SALE AND AS A RESULT IS LIABLE FOR DAMAGES AND MUST MAKE IMMEDIATE RESTITUTION OF THE PROPERTY?

ANSWER: AFFIRMATIVE

ARGUMENT

1. The operator has indicated that he held a sale on March 5, 2008 of thousand of dollars worth of property after actual payment of thousands of dollars for rent since 2003 for a $248.00 lien and the occupant alleges theft of trade secrets, inter alia…

2. Pursuant to **Code of Maryland, Commercial Law, Section 18-504. Enforcement of lien…(b)(2)(iii)** A demand for payment of the charges due within a specified time, not less than 14 days after the date that the notice was mailed.

3. The notice was mailed on February 27, 2008 and the sale was held only seven days after the notice, seven days too soon. See the accompanying documents.

CONCLUSION

   Therefore, the occupant demands immediate restitution of the property which requires that the operator buy the property back for the purchaser and monetary damages for costs and punitive damages in the amount of five million ($5,000,000.00).

Respectfully submitted,

John J. Buckshaw, President

# SECURITY
**PUBLIC STORAGE**
www.securitypublicstorage.com

**Kathy Little, Regional Manager**
385 Spring Street, Herdon VA 20170
Ph: 703-471-7867

March 11, 2008

John J. Buckshaw
c/o JJ Buckshaw & Associates, via Certified Mail
P.O. Box 18704
Washington, DC 20036

Dear Mr. Buckshaw,

   I received and reviewed your letter of 3/10/2008. Our facility located at 5221 River road, Bethesda, MD rented you space #3144 on 1/3/04. On that day you signed a rental agreement (attached copy)[actually not attached] which states in bold print. "**NOTICE: YOUR STORED PROPERTY WILL BE SUBJECT TO A CLAIM OF LIEN FOR UNPAID RENT AND OTHER CHARGES AND MAY BE SOLD TO SATISFY THE LIEN IF THE RENT OR OTHER CHARGES DUE REMAINING UNPAID FOR 60 CONSECUTIVE DAYS. THIS LIEN AND ITS ENFORCEMENT IS AUTHORIZED BY THE MARYLAND SELF-STORAGE ACT.**" The contents of the space #3144 were sold at public auction for cash on 3/5/08 to satisfy the lien placed on the stored property on 2/17/2008. [actually 2/27/2008 and not sent by certified mail]

   The sale of the personal property in space #3144 was done in accordance to the Code of Maryland, Commercial Law, Section 18-504, Enforcement of the Lien. Your last payment of $89 was posted to your account on 12/21/07. This payment paid your space through 1/4/08. The first late letter sent regular mail on 1/10/08. When your space remained past due a second letter titled Preliminary Lien notice was sent regular mail on 1/20/08. Each letter described the consequences of non-payment and asked for payment.

   On 2/17/2008 Security Public Storage sent you a certified return receipt requested letter placing a lien on your stored goods. [actually a copy of the letter of 1/20/08 with no demand, notice of sale with time and place] This letter gave the public auction date of 3/5/08. [actually this date was not sent until 2/27/08 and not certified] Security Public Storage ran an advertisement of the sale in The Examiner on 2/29/08.

   The space was sold to the highest bidder for $25.00. the person who bought the contents then removed all of stored belongings. The amount owing Security Public Storage at the time of the sale was $248.00. After applying the amount paid, the total amount still left owing Security public Storage for space #3144 is $223.00.
Sincerely,

Kathie Little
CC: J. Sneed, Security Public Storage- Bethesda

The property includes the following:

(1)-HP Scanner with Feeder (Gray); (1) Electric Paper Shredder; (1) Fax Machine; (1) Office Telephone; (1) HP LTE 8350 Laptop Computers (Beige); (1) IBM Thinkpad 500 Sub-Notebook Computer; (1) Brother Word Processor with Case and about 10 3 ½ Floppy Discs, (1) Minolta Maxxim 3000 Auto-Focus Camera, Flash and Case; (1) Canon Range Finder Camera and about 7 other assorted cameras and tripods; (10) 10 Ream Paper Boxes with important papers, federal court litigation material and various files;  (1) Palm III and (1) Palm V Handheld computers with computer cradle; (1) File of about one hundred (100) free lance artist and portfolios; (1) File of about one thousand business cards (1000) sales leads; (10) Brief Cases and Catalog Cases; (1) Garment Bag with Black wool coat; (1) Suite Case with one gray pin striped suit, (50) Business, Sales, Advertising, Law and Marketing text books; (3) Appointment, Name and Address Books; (3) Luggage Carts; (30) Pairs of Business Name Brand Shoes;  (10) Newspaper and Magazine Media Kits; (1) Ad Clip File with about 500 ad clips; and ect. The foregoing was packed into a 5' x 5' space, unit number 3144 and when set outside of the unit would take up about 30 feet of hallway space during a visit to store or to remove an item.

COUNT TWO

JOHN J. BUCKSHAW,

                                    Plaintiff,
          Vs.

SECURITY PUBLIC STORAGE,

                                    Defendant.

ABUSE OF PROCESS

9. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs

1 through 8 as though set forth at length hereinafter.

10. The plaintiff filed a complaint with the Office of Consumer Protection in Montgomery

County, Maryland, and the defendant admitted the allegations and sassed the plaintiff, the states

attorney (Sieg Poritsky, Esquire) called the defendant and the defendant indicated that they were

not interested in paying restitution and the county advised to file a complaint in court which was

denied contrary to the admissions in the office of consumer protection.

11. On or about March 3, 2011, in Herndon, Virginia, by and through the designated agents,

representatives, employees and servants of the defendant abused process with extortionate false

statements of telephone language with willful intent to coerce the plaintiff from continuing to

demand damages and restitution under duress of imprisonment evidencing unfair claims

settlement practices.

12. As a result, the plaintiff suffered damages from false imprisonment and harm to the

plaintiff's reputation in an amount which is unliquidated in excess of ten thousand dollars.

13. The conduct of the defendants was done in combination with the local government with wonton disregard for the rights of the plaintiff for which the plaintiff demands punitive damages in the amount of twenty million dollars ($20,000,000).

**WHEREFORE**, the plaintiff demands judgment against the defendant for monetary damages in the amount of twenty million dollars ($20,000,000) and the required injunctive relief for accrual of the foregoing claims for damages and requests that this court grant a second notice of removal of a criminal prosecution for relief from a conviction which was entered in July, 2011 before the case was remanded back to the state court in August, 2011 contrary to **28 U.S.C.A. Section 1446** Procedure after removal…prohibiting a conviction prior to remand…

COUNT THREE

JOHN J. BUCKSHAW

Plaintiff,

Vs.

ATTORNEY GENERAL OF VIRGINIA,

Defendant.

FAILURE TO ACT, ABUSE OF PROCESS AND LIABILITY OF COUNSEL

14. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 13 as though set forth at length hereinafter.

15. The defendant was the assistant town attorney and responsible to prosecute the actors in violation of unfair trade practices, fraudulent and deceptive misrepresentations, simulation of notices, liens and auction, barratry, aiding and abetting barratry, theft of trade secrets and harm to reputation in business for restitution of $5,000 contract price paid rent and monthly late fees and willfully failed to act and willfully failed to compromise and settle the claim for damages against the town of Herndon and rewarded other defendants to harass the plaintiff to dissuade from the herein litigation.

16. As a result, the plaintiff suffered damages which are unliquidated in an amount in excess of ten thousand dollars ($10,000) and demands punitive damages in the amount of ten million dollars ($10,000,000) to compensate for the foregoing abuse of process.

**WHEREFORE,** the plaintiff demands judgment for monetary damages and the required injunctive relief of pre trail dismissal of defective proceedings charging telephone language and a stay of vindictive state court proceedings.

## COUNT FOUR

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

ATTORNEY GENERAL OF VIRGINIA,

Defendant.

## COMBINATION- DEPRIVATION OF RIGHTS AND FALSE IMPRISONMENT

17. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 16 as set forth at length hereinafter.

18. The defendant is the Washington Metro Airport Administration airport police and Arlington County, Virginia.

19. On or about March 5, 2011, in Arlington County, at the public observation of the airport, the defendants invaded the privacy of the plaintiff and falsely imprisoned the plaintiff.

20. The defendants deprived the plaintiff to rights of due process of law contrary to the state law which requires the airport police to actually see a crime committed prior to arresting a visitor.

21. As a result of the wrongful conduct of the defendant's, the plaintiff suffered unliquidated damages in an amount in excess of ten thousand dollars ($10,000).

22. The wrongful conduct of the defendants was done with willful intent to aid and abet harassment, unfair trade practices, theft of trade secrets, unfair claims settlement practices and willful failure to compromise and settle claims for damages.

23. The conduct of the defendants was done with lawless, wonton and outrageous disregard for the rights of the plaintiff and with outrageous disregard for the value of the plaintiff's company and access and use of the public area of the airport for which the plaintiff demands demand judgment for punitive damages in the amount of ten million dollars ($10,000,000) to compensate for discrimination or segregation in places of public accommodation effecting commerce.

**WHEREFORE**, the plaintiff demands judgment against the defendant for monetary damages and the required injunctive relief to restrain the airport police from contacting the plaintiff during his free and unimpaired access and use of the public area of the airport.

COUNT FIVE

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

ATTORNEY GENERAL OF VIRGINIA,

Defendant.

FAILURE TO ACT

24. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 23 as though set forth at length hereinafter.

25. The defendant is office of consumer protection and responsible for unfair trade practices at Security Public Storage in Herndon which manages the location in Bethesda, Maryland.

26. On or about March 3, 2011 and on or about September 10, 2016, in Fairfax County, the defendant abused process with false accusations of telephone language and computer harassment respective to legal communication in business, debt collection and litigation and telephone calls made to the foregoing storage company to demand payment of claims for damages and email sent to in litigation against the Town of Herndon and failure to act and obtain restitution of $5,000 contract price to store property for relief from simulation of notices and lien and unfair trade practices.

27. As a result, the plaintiff suffered damages which are unliquidated in an amount in excess of ten thousand dollars ($10,000) and demands one million dollars ($1,000,000) statutory damages to compensate for trade name disparagement and cyber piracy done by anti competitive criminal record reports on the internet on the state court information web page contrary to

**15 U.S.C.A. Section 1116** Injunctive relief…**15 U.S.C.A. Section 1117** Recovery for violations…**15 U.S.C.A. Section 1122** Liability of the united States, states and officials thereof…**15 U.S.C.A. Section 1125** False descriptions concerning trade name, commercial activities and associations with false descriptions of telephone language and computer harassment and failure to appear where an appearance is not required to file and rule on a pre trail motion to dismiss defective proceedings…

28. The plaintiff demands five million dollars ($5,000,000) punitive damages to compensate and to punish for harassment done by lawless, wonton, outrageous and reckless deprivation of rights, false imprisonment from March 10 through March 20, 2018, wrongful detention of the plaintiff's laptop computer and threats of false imprisonment by execution of bench warrants which were issued in bad faith on September 6, 2018.

**WHEREFORE,** the plaintiff demands judgment against the defendant for seven million dollars ($7,000,000) monetary damages and the required injunctive relief and restitution of the plaintiff's laptop computer from the police property and evidence section, quash the bench warrants and to dismiss defective proceedings charging telephone language in 2011 and computer harassment in 2018.

COUNT SIX

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

ATTORNEY GENERAL OF VIRGINIA,

Defendant.

ABUSE OF PROCESS

29. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 28 as though set forth at length hereinafter.

30. The defendant is a local government and is acting in combination with the assistant town attorney which is responsible for detection and prosecution of criminal offenses committed in Herndon.

31. On or about October 31, 2010, in Arlington, Virginia, at the Office of the Assistant Town Attorney's Office (Manual Capsalis) at 2200 Claredon Blvd. the plaintiff submitted evidence and a complaint of criminal offenses including simulation of notices and a lien and unfair trade practices as set forth in the foregoing counts of the herein complaint and the defendants failed to act and to the contrary abused process with accusations of telephone language respective to privileged communication in business, debt collection and the herein litigation.

32. As a result, the plaintiff suffered damages which are unliquidated in an amount in excess of ten thousand dollars ($10,000).

33. The conduct of the defendants was done with lawless disregard for the rights of the plaintiff and with wonton, outrageous and reckless intent to harm the plaintiff's company and issued an arrest warrant instead of mailing a summons for which the plaintiff demands punitive damages in the amount of five million dollars ($5,000,000).

34. The foregoing damages are manifested by execution of said warrant illegally at the Ronald Reagan Washington International Airport on March 3, 2011 and false imprisonment in Arlington County which set bail at $3,600 and Fairfax County where the plaintiff was released on $500 bail.

35. The General District Court, Fairfax County, entered a conviction in the absence of the plaintiff and sentenced the plaintiff to pay a $2,500 fine contrary to **28 U.S.C.A. Section 1446** Procedure after removal of a criminal prosecution from the state court to the federal court which prohibits the state court from entering a judgment of conviction prior to remand of the notice of removal from the federal to back to the state court which was subsequent to the conviction in July, 2011 for which the plaintiff demands damages in an amount in excess of one hundred thousand dollars ($100,000) against the defendant.

36. To the contrary of obtaining said restitution of $5,000 contract price form Security Public Storage in Herndon, the defendant (Manual Capsalis, Assistant Town Attorney and Lisa Maye, Judge) charged the plaintiff in violation of computer harassment respective to their failure to act and wrongful conviction.

37. On or about April 23, 2016, the defendants abused process and swore out arrest warrants charging computer harassment respective to email and private and privileged communication and the foregoing litigation and debt collection.

38. As a result, the plaintiff had been falsely imprisoned on March 10, 2018, and denied bail on March 12, 2018 for which the plaintiff demands damages which are unliquidated in an amount in excess of ten thousand dollars ($10,000) and demands punitive damages in the amount of ten million dollars ($10,000,000).

**WHEREFORE,** the plaintiff demands judgment against the defendant for the required injunctive relief and a second notice of removal of the criminal prosecution charging telephone language and a second petition for writ of habeas corpus for relief from the computer harassment prosecution and bench warrants and monetary damages in an amount in excess of ten million dollars ($10,000,000) against the defendant.

**COUNT SEVEN**

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

ASSISTANT ATTORNEY GENERAL OF VIRGINIA,

Defendant.

**COMBINATION- FALSE STATEMENTS OF TRESPASSING**

39. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 38 as though set forth at length hereinafter.

40. The defendant is responsible for the police and a 24 hour McDonald's Hamburgers located at 2620 Jefferson Davis Highway, Arlington, Virginia 22202 which the plaintiff used for typing at night, free coffee refills and free internet access.

41. On or about March 10, 2018, in Arlington County, the defendants acted in the foregoing combination with knowledge of there being an arrest warrant for the plaintiff and discriminated or segregated against the plaintiff in places of public accommodation effecting commerce and falsely summoned the police in bad faith.

42. The police arrived and found said arrest warrant and issued a notice to bar and against trespassing and arrested the plaintiff in violation of **42 U.S.C.A. Section 2000a-2000a-2** Prohibition against discrimination or segregation in places of public accommodation…and contrary to **U.S.C.A. Const. Amend. I**…rights to freedom of assembly…**Amend. IV**…rights to privacy…**Amend. V**…rights to due process of law and consumer protection against fraudulent and deceptive misrepresentations of trespassing…**Amend. VIII**…cruel and unusual punishments for closing eyes and not actually sleeping…**Amend. XIII**…rights to status quo of a business

executive and customer and rights against involuntary servitude…and **Amend. XIV**…rights against loss of liberty without due process of law…and contrary to **15 U.S.C.A. Section 1125** False descriptions…concerning trade name, commercial and associations…

43. As a result of the foregoing, the plaintiff suffered and continuing to suffer unliquidated damages in an amount in excess of ten thousand dollars ($10,000) as a result of deprivation of civil rights and harm to reputation in business…

44. The conduct of the defendant was done in combination with the police with willful intent to harass the plaintiff with reckless, outrageous and wonton disregard for the rights of the defendant for which the plaintiff demands punitive damages in the amount of one million dollars ($1,000,000).

**WHEREFORE,** the plaintiff demands judgment against the defendants for monetary damages and the required injunctive relief to grant a notice of removal of the notice to bar and against trespassing and threats of arrest to the federal court to quash said notice and to restrain the customers, workers and police from contacting the plaintiff during his free and unimpaired access and use of the restaurant at night for typing and free coffee refills, inter alia.

**COUNT EIGHT**

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

ATTORNEY GENERAL OF VIRGINIA,

Defendant.

**COMBINATION- MISCONDUCT, FRAUD AND MISREPRESENTATION**

45. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 44 as though set forth at length hereinafter.

46. The defendant is responsible for the commonwealth's attorney in Fairfax County, Virginia, and is acting in combination and conspiracy against rights with other defendants which abused process with false accusations of computer harassment in 2016 with willful intent to aid and abet simulation of notices, simulation of a lien, unfair trade practices and illegal public sale in 2008, theft of trade secrets, willful failure to compromise and settle claims for damages, abuse of process with false accusations of telephone language to demand payment of the foregoing claims for damages, false imprisonment and wrongful conviction in 2011, willful failure compromise and settle the foregoing claims and wrongful denial in bad faith and false imprisonment on March 10, 2018 with willful intent to aid and abet the foregoing.

47. On or about March 15, 2018, in Fairfax County, the defendant appeared at a bail hearing after bail was wrongfully denied on March 10, 2018 and evidenced prosecutions misconduct and fraudulent deceptive misrepresentations and omissions regarding email sent to the falsely alleged victim's Manuel Capsalis, Assistant Town Attorney, and Lisa Mayne, GMU Law Student while the affiant Douglas Comfort was the campus security guard and made illegal complaints about

the plaintiff's luggage to aid and abet the Amtrak police which punched the plaintiff in 2002 and abused process with false accusations of trespassing and disorderly conduct and falsely imprisoned the plaintiff in bad faith in response to the floor sweepers continuously wanting to sweep the area in which the plaintiff had been sitting over several states since 1996, primarily in Philadelphia and Washington, DC.

48. The defendant acted in bad faith at said bail hearing and indicated that there were 200 email messages sent to the victims with swear words, inter alia, and said "there is something in here about theft of trade secrets" and implied that the plaintiff was the actors with knowledge of the plaintiff being the victim of said theft of trade secrets continuously since 1996 from at a hotel in Arlington County, Virginia.

49. The defendant made fraudulent omissions and failed to indicate the actual purpose of said email (actually legal privileged email in business, debt collection and litigation against the falsely alleged victims) which was to obtain relief from failure to act and ironic conviction of telephone language for restitution of $5,000 contract price to store property as required of the assistant town attorney in Herndon to prosecute actors in violation of simulation of notices and liens and wrongfully suggested that the plaintiff had been obsessed with victim's in term of their being celebrities which perhaps the plaintiff saw their pictures on the internet and had been sending email to obtain sex with the plaintiff at night in the parking lot by the plaintiff's warehouse in bad faith.

50. The defendant omitted that the email was sent to demand performance of duties and to the contrary respective to an illegal conviction of telephone language used to seek said performance of said duties and restitution of $5,000 contract price paid to store property and not to steal said property.

51. The defendant misrepresented that the plaintiff must be mentally ill and obsessed with the victims and with no one else to write to and misrepresented a requirement for mental health treatment and wrongfully caused wrongful conditions of bail and pretrial release in bad faith.

52. As a result, the plaintiff suffered unliquidated damages in an amount in excess of ten thousand dollars ($10,000) and one hundred thousand dollars ($100,000) damages as a result of harm to reputation in business and litigation.

53. The conduct of the defendant was outrageous and done with wonton, lawless and reckless disregard for the actual facts and with willful intent to harm the plaintiff for which the plaintiff demand punitive damages in the amount in the amount of five million dollars ($5,000,000).

**WHEREFORE,** the plaintiff demands judgment against the defendant for monetary damages and the required injunctive relief as set forth in the accompanying motion for permission to file a second petition for writ of habeas corpus to lift, recall and set aside the bench warrants which were wrongfully issued after violations of said conditions of bail and failure to appear for the trail.

## COUNT NINE

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

ATTORNEY GENERAL OF VIRGINIA,

Defendant.

## NEGLIGENCE AND LAWYER MAL PRACTICE

54. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 53 as though set forth at length hereinafter.

55. The defendant is liable for claims of negligence and mal practice done by the public defenders and is located at the Northern Regional Office in Fairfax County, Virginia.

56. On or about March 15, 2018, the defendant entered an appearance for the plaintiff at the bail hearing and was negligent in conducting a through investigation of the foregoing and misrepresented the plaintiff as being mentally ill and requiring treatment and being homeless and requiring a homeless shelter address.

57. As a result, the court issued unreasonable conditions for pre trail release as the plaintiff is not mentally ill and does not require treatment and never has had any mental health treatment and is actually transient in business and litigation with going concerns over several states. The court also issued an order of no use of a computer of any type to reinforce the defendants misrepresentation of vagrancy.

58.   On or about March 10, 2018 in Fairfax County, in the General District Court, Case No. 1805524900 the defendants denied bail after the plaintiff had been falsely arrested in a 24 hour McDonald's Restaurant in Arlington County.

59. On March 12, 2018, the plaintiff had been sent to court for arraignment for computer harassment and the defendants denied bail.

60. Subsequently, the plaintiff met with the public defenders which neglected and willfully failed to conduct an investigation of the case and made fraudulent and deceptive misrepresentations of the plaintiff and his company going concerns at a bail hearing on March 15, 2018 of being mentally ill and homeless.

61. The foregoing is contrary to the actual facts of that the plaintiff is not mentally ill    and is transient with going concerns, established, delayed and pending obligations and prospective competition over several states.  A house nor apartment is not in his company budget for over head which is the actual controversy in addition to the plaintiff doing his own work in business and litigation in public places in business attire and working with a warehouse and health spas and snoozing.

62. The public defender wrongfully submitted a fictional version of the plaintiff's criminal record history which was to be submitted by the judicial officer or the court services with false statements of the plaintiff making threats in Atlantic City the location of the initial disputes and controversies about the plaintiff, false imprisonment and conviction of sleeping in public in 2001 and where in the Atlantic City McDonald's Restaurant in 2015 the plaintiff had been a victim of jostling at a table and remarks from the worker of that "I have someone that wants that job" The city failed to respond and prosecute said actors and in 2016 the police called the plaintiff on the telephone and threatened the plaintiff of "we are coming to scoop you up" and

the plaintiff had been falsely arrested in Washington, DC in 2017 with false accusations of being a fugitive from New Jersey, harassment and threats.

63. The public defender indicated that the plaintiff should be released to avoid an auction of a warehouse and simultaneously intervened with false descriptions of the plaintiff's trade name, commercial activities and associations in terms of the plaintiff being in the promotional products sales business (offers of large quantities of imprinted pens, coffee mugs and key tags and ect. to businesses "www.mwc.20fr.com") and said "he keeps these things in a warehouse" and suggested individual piece sales to people on the sidewalk as souvenirs.

64. As a result, the plaintiff was not released on personal recognizance and court set bail at $5,000 secured bail. The sheriffs failed to release funds to the bondsman from March 15 through March 20, 2018. The defendants interfered with payment of rent at the plaintiff's company warehouse to avoid an auction on March 20, 2018.

65. The public defender is failing to follow the plaintiff's instructions and file a pre trail motion to dismiss defective proceedings.

66. Therefore, the plaintiff demands damages in the amount of five million dollars ($5,000,000) and the required injunctive relief to file a pre trail motion to dismiss defective proceedings to suppress evidence which was obtained by false arrest and unconstitutional statute to compensate for restraint of trade, inter alia.

**WHEREFORE,** the plaintiff demands judgment against the defendants in the amount of five million dollars ($5,000,000) and the required injunctive relief as set forth in the accompanying notice of removal of the criminal prosecution from the state court to the federal court. The plaintiff demands judgement for five million dollars ($5,000,000) monetary damages and demands the required injunctive relief and that this court grant a second petition for writ of habeas corpus for relief from future custody by execution of a bench warrant which was wrongfully issued the accusations violations of wrongful conditions of bail and failure to appear where state court is without jurisdiction and is failing to act and file a pre trail motion to dismiss defective proceedings and demands that this court grant removal of the warrants charging five counts of computer harassment.

## COUNT TEN

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

ATLANTIC SELF STORAGE,

Defendant.

## COMBINATION, BREACH OF CONTRACT AND HARASSMENT

67. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 though 66 as though set forth at length hereinafter.

68. The defendant was a self storage facility located at 4900 Eisenhower Avenue, Alexandria.

69. The plaintiff and defendant had entered into a contract agreement for 100 square feet of warehouse space in 2014 and the plaintiff paid approximately $5,000 contract price.

70. In 2018, the defendant evidenced simulations of notices and liens and threatened a public sale of the plaintiff's property.

71. On or about, March 14, 2018, the plaintiff called the defendant from the Fairfax County jail and notified the defendant of the problem and would not be able to pay by March 20, 2018, and the defendant hung up the telephone on the plaintiff.

72. On or about March 20, 2018, the defendant disposed of the plaintiff's property in bad faith.

73. As a result, the plaintiff suffered unliquidated damages in an amount in excess of ten thousand dollars ($10,000) to compensate for commercial frustration, inter alia.

74. The conduct of the defendant was done with reckless and lawless disregard for the value of the plaintiff's property and wonton and outrageous disregard for the legal rights of the plaintiff for which the plaintiff demands punitive damages in the amount of ten million dollars ($10,000,000).

**WHEREFORE**, the plaintiff demands orders of this court directed to the defendants and to the General District Courts in Alexandria, Arlington and Fairfax to bring up the records in the herein cases and the petitioner demands judgment against the defendants for $10,000,000 damages and demands the required injunctive relief from the foregoing combination to harm reputation in business done by false statements and abuse of process for orders quashing the arrest warrants, restitution of money and property and inter alia, with prejudice.

COUNT ELEVEN

JOHN J. BUCKSHAW,

Plaintiff,

Vs.

CPOMMONWEALTH OF VIRGINIA,

Defendant.

TRADE NAME DISPARAGEMENT- CYBER PIRACY

75. The plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1 through 74 as though set forth at length hereinafter.

76. The defendant is liable pursuant to **15 U.S.C.A. Section 1122** Liability of the United States, states and officials thereof for trade name disparagement and cyber piracy done contrary **15 U.S.C.A. Section 1125** False descriptions…concerning trade name, commercial activities and associations…(d) Cyber piracy…done by vexatious criminal record reports on the internet under state court case information with eleven (11) entries of false accusations of (i) telephone threats and failure to appear in 2008, (ii) urinating in public in 2008, (iii) telephone language in 2011, (iv) five counts (5) of computer harassment in 2016, (v) violations of the conditions for pre trail release, and (vi) failure to appear in 2018.

77. As a result, the plaintiff is suffering harm to reputation in business and demands one million one hundred thousand dollars ($1,100,000) statutory damages pursuant to **15 U.S.C.A. Section 1117** Recovery for violations…

**WHEREFORE,** the plaintiff demands judgement against the defendants for said monetary damages and demands the required injunctive relief pursuant to **15 U.S.C.A. Section 1116** Injunctive relief…from trade name disparagement done by vexatious criminal record reports on the internet in bad faith and not in bona fide vexatious and pursuant to 15 U.S.C.A. Section 26 Injunctive relief from private parties…from the bench warrant and wrongful detention from the

state under duress of imprisonment and requests that this court grant the accompanying petition for writ of habeas corpus for relief from future custody in violation of the Constitution and laws of the United States and a stay of state court proceedings and requests that this court grant a notice of removal of the criminal prosecutions to the federal court for pre trail orders dismissing defective proceedings with prejudice charging computer harassment, violations of the conditions for pretrial release and failure to appear for accrual of the herein causes of action.

Dated: November 27, 2020

_John J. Buckshaw_____

John J. Buckshaw

## CERTIFICATION

I declare under penalty of perjury that:  No attorney has prepared, or assisted in the preparation of this document.

**Local Rule 84.1 Ghostwriting:** All litigants who are proceeding pro se shall certify in writing and under penalty of perjury that a document(s) filed with the Court has not been prepared by, or with the aid of, an attorney or shall identify any attorney who has prepared, or assisted in preparing, the document. Each document filed with the court by a pro se litigant shall bear the following certification:

Dated: November 27, 2020

_John J. Buckshaw_____

John J. Buckshaw

## PROOF OF SERVICE

I, John J. Buckshaw, hereby verify that I have served a copy of the foregoing complaint on the defendants by electronic means via email and fax.

Dated: November 27, 2020

_John J. Buckshaw_____

John J. Buckshaw